UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LLOYD G. MAXWELL** | **CIVIL ACTION NO. 3:10-cv-1893** |
|     **FED. REG. #23935-037** | |
|     **Alien No. A 026 200 945** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JOHN SMITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Lloyd G. Maxwell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 15, 2010. When he filed this petition, he was an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (DHS/ICE); he was detained at the Tensas Parish Detention Center, Waterproof, Louisiana pending his removal to Jamaica. In a letter dated January 3, 2011 which was received and filed on January 18, 2011, he notified the Court that he was released from Tensas Parish Detention Center and apparently removed from the United States. According to that letter, he is now residing in Jamaica. Petitioner attacks his 1993 drug related convictions for conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine in the United States District Court for the Eastern District of Virginia (*United States of America v. Lloyd George Maxwell*, No. CR - 93 - 262). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction over petitioner's *habeas corpus*

claims.

*Background*

Sometime in 1993, petitioner, a native and citizen of Jamaica, was convicted of conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine by a jury in the United States District Court for the Eastern District of Virginia in the matter entitled *United States of America v. Lloyd George Maxwell*, No. CR - 93 - 262. He was sentenced to serve 240 months of imprisonment, plus an additional 10 year enhancement for a prior drug conviction. His conviction and sentence were affirmed on direct appeal to the Fourth Circuit Court of Appeals. *United States v. Maxwell*, 46 F.3d 1128 (Table), 1995 WL 32637. Multiple attempts to obtain post-conviction relief were unsuccessful. *See United States v. Maxwell*, 175 F.3d 1017 (4th Cir.Mar 18, 1999) (Table), *United States v. Maxwell*, 210 F.3d 363 (4th Cir. Apr 03, 2000), *United States v. Maxwell*, 164 Fed.Appx. 442 (4th Cir. Feb 03, 2006) (Not selected for publication in the Federal Reporter, NO. 05-7860).

Petitioner's previous drug convictions, 1988 convictions for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, resulted in the institution of removal proceedings by the Immigration and Naturalization Services.[1] Following his 1993 conviction, while petitioner was still in the custody of the Bureau of Prisons (BOP), he requested the Bureau of Immigration Appeals (BIA) to reopen the proceedings; however, his request was denied. He sought *habeas corpus* relief in the United States District Court for the Northern District of Ohio,

---

[1] The enforcement functions of the Immigration and Naturalization Service (INS) within the Department of Justice were transferred to Immigration and Customs Enforcement (ICE) within the Department of Homeland Security in March 2003. 6 U.S.C. § 251.

and on August 20, 2004, that court granted relief and directed the BIA to reconsider whether the case should be reopened. *Maxwell v. I.N.S.*, 331 F.Supp.2d 599 (N.D. Ohio).

On remand, the BIA, on March 27, 2003, denied petitioner's request to reopen the removal proceedings and shortly thereafter petitioner filed another application for *habeas corpus* in the United States Court for the Northern District of Ohio. On October 17, 2006, that Court denied and dismissed his petition pursuant to the REAL ID Act of 2005 which vests exclusive jurisdiction over final orders of removal in the appropriate United States Court of Appeals. *Maxwell v. Board of Immigration Appeals,* No. 4:06-cv-353, 2006 WL 2987718 (N.D. Ohio, 10/17/2006).

Petitioner apparently completed his federal sentences on October 29, 2010, and shortly thereafter he was transferred to the custody of DHS/ICE in anticipation of his removal to Jamaica. *See Maxwell v. Dept. of Homeland Security*, No. 5:10-cv-161 (S.D. Miss. 2010), 2010 WL 4536781; see also Doc. #1, p. 9.

Petitioner filed the instant petition on December 15, 2010.  Petitioner seeks to collaterally attack the 1993 drug conviction from the Eastern District of Virginia.[2]  His grounds for relief involve various specific instances of ineffective assistance of counsel "[d]uring parolee Maxwell's pretrial and jury trial proceedings..." [Doc. #1, pp. 4-6] He asks the Court to "... vacate, set aside and expunge, the judgment against him..." [Doc. #1, p. 20]

*Law and Analysis*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241,  Subsection (c) of which provides, "the writ of *habeas corpus* shall not extend to prisoner unless ... [h]e is in custody..."

---

[2] The first paragraph of the petition indicated that the petition concerns "[a] conviction" and "other." [Doc. #1, ¶1] However, petitioner has not otherwise alleged error with regard to the removal proceedings, nor has he prayed for relief with respect to those proceedings.

*Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The Supreme Court has held that the "in custody" determination is made at the time the *habeas* petition is filed. *Spencer v. Keman*, 523 U.S. 1, 7, 140, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Petitioner filed this petition attacking his 1993 drug convictions on December 15, 2010. However, the available evidence establishes that he was released from custody on that conviction on October 29, 2010 when his custody was relinquished by the BOP and accepted by the DHS/ICE.

Petitioner might argue that he remained in custody as a consequence of his conviction even though his custody was transferred from the BOP to DHS/ICE in anticipation of his removal to Jamaica. If that were indeed the case, petitioner could also argue that once *habeas* jurisdiction attaches, "it is not defeated by the release of the petitioner prior to the completion of proceedings on such application." *Carafas*, 391 U.S. at 238.

However, petitioner was ultimately released from DHS/ICE custody, and under current Supreme Court jurisprudence, *habeas corpus* petitions become moot once the prisoner has been released from custody, unless the petitioner can demonstrate "some sufficient collateral consequence of the underlying proceedings." *Spencer*, 523 U.S. at 7.

In other words, even if petitioner could establish that he was "in custody" at the time he filed his petition, he is certainly no longer in custody and there appear to be no further collateral consequences attached to the 1993 conviction.

Finally, even if petitioner could otherwise satisfy the "in custody" requirement of §2241, this Court would lack jurisdiction to consider his claims. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C.

§2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

It is obvious that petitioner is complaining about circumstances that occurred prior to or at the time of sentencing – specifically the ineffectiveness of his trial counsel. Since petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims

were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

Therefore, even if the petition is not moot, it must nevertheless be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe , Louisiana, February 11, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE